# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                                    Crim. No. 12-128 (MJD/JJK)

        Plaintiff,

v.                                                          **RULING AND ORDER CONCERNING**
                                                            **DEFENDANT'S COMPETENCY**

Felecia Thomas,

        Defendant.

John E. Kokkinen, Esq., United States Attorney's Office, counsel for Plaintiff.

James S. Becker, Esq., Office of the Federal Defender, counsel for Defendant.

This matter is before the Court to determine whether Defendant, Felicia Thomas, is competent to stand trial. For the reasons set forth below, the Court concludes that the Defendant is competent to stand trial.

## I.    Background

On May 15, 2012, a federal grand jury returned an indictment charging Defendant with one count of assault with a dangerous weapon with intent to do bodily harm in violation of 18 U.S.C. § 113(a)(3). On August 28, 2012, Defendant filed a Motion Regarding Competency (Doc. No. 31), in which she requested that the Court order a psychiatric evaluation and conduct a subsequent hearing to determine whether she is competent to stand trial. That same day, United States Magistrate Judge Arthur J. Boylan granted Defendant's motion, ordering Defendant to undergo a psychiatric or psychological

examination at a Federal Medical Center and providing that the Court would later schedule a hearing to determine Defendant's competency pursuant to 18 U.S.C. § 4247. (Doc. No. 32.)

As indicated in an October 18, 2012 Forensic Evaluation Report, Defendant underwent a psycholigcal assessment by Dr. Leslie Powers, a Forensic Psychologist. On November 1, 2012, Joe Keffer, Warden of the Federal Medical Center, Carswell, located in Fort Worth, Texas ("FMC Carswell"), informed the Court that Defendant had been evaluated pursuant to Judge Boylan's August 28, 2012 Order. On November 6, 2012, the undersigned ordered a hearing to determine whether Defendant was competent to stand trial (Doc. No. 37), and conducted that hearing on November 29, 2012, at which Defendant was represented by counsel and the Court provided an opportunity for Defendant to submit any evidence in support of her motion.

## II. Discussion

Title 18 sections 4241 and 4247 of the United States Code set forth the procedures for determining whether a defendant is competent to stand trial. The Court must first conduct a competency hearing in accordance with 18 U.S.C. § 4247(d). That section provides that the defendant "shall be represented by counsel" and "shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing." *Id.* Those requirements were satisfied at the November 29 hearing.

After conducting a competency hearing, the Court must then make findings, by a preponderance of the evidence, concerning: (1) whether the defendant is "presently suffering from a mental disease or defect;" and (2) whether the mental disease or defect "render[s] him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). In other words, the Court must determine whether the defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam).

If the Court finds that the defendant is incompetent to proceed to trial, it must then commit the defendant to the custody of the Attorney General for "treatment in a suitable facility," for a "reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future [the defendant] will attain the capacity to permit the trial to proceed." 18 U.S.C. § 4241(d)(1).

Here, Dr. Powers determined that Defendant has an excellent understanding of the legal proceedings involved in this case, a rational appreciation of the charges she faces, and an ability to assist her counsel in her defense. Using the Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition, Dr. Powers diagnosed Defendant with "Paranoid Personality

Disorder," marked by a distrust and suspicion of others such that their motives are interpreted as malevolent. Dr. Powers indicated that Defendant's paranoia could mean that she would likely be guarded with her attorney and it may be difficult for her counsel to win her trust. But Dr. Powers nevertheless concluded that Defendant demonstrates a factual and rational understanding of the Court process, the role of her attorney, and her role as a Defendant. In Dr. Powers' professional opinion, Defendant has no symptoms of mental disease or defect that would render her unable to understand the nature and consequences of the proceedings against her or to assist properly in her own defense at the present time.

At the hearing, Defendant did not present any documentary evidence contradicting Dr. Powers' findings. Nor did Defendant subpoena any witnesses to testify on her behalf or attempt to cross-examine Dr. Powers. Defendant's counsel conceded that Defendant had an opportunity to testify, to present evidence, to subpoena witnesses on her behalf, and to confront and cross-examine any witnesses at the hearing. However, Defendant chose not to pursue these procedural protections.

Based on the record before it, and pursuant to 18 U.S.C. § 4241(d), the Court finds by a preponderance of the evidence that Defendant is able to understand the nature and consequences of the proceedings against her and is able to assist properly in her own defense. Therefore, the Court finds that Defendant is competent to stand trial.

Date: November 29, 2012

_s/ Jeffrey J. Keyes_
JEFFREY J. KEYES
United States Magistrate Judge